RANDY L. BARTUNEK, APPELLANT, V. MICHAEL J. GENTRUP, APPELLEE.

516 N.W.2d 253

Filed May 27, 1994.    No. S-92-875.

William G. Line, of Kerrigan & Line, for appellant.

Thomas J. Culhane and Ruth W. Beyerhelm, of Erickson & Sederstrom, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WRIGHT, J.

Randy L. Bartunek obtained a judgment against Michael J. Gentrup for injuries Bartunek suffered as the result of a motor vehicle accident. The jury returned a verdict in favor of Bartunek in the amount of $45,000. Bartunek moved for taxation of costs and expenses against Gentrup in the amount of $6,138. The trial court allowed only a portion of the costs, and Bartunek appeals.

## SCOPE OF REVIEW

Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Jasa v. Douglas County*, 244 Neb. 944, 510 N.W.2d 281 (1994).

## FACTS

On January 12, 1991, Bartunek was a passenger in a vehicle which collided with a vehicle driven by Gentrup. Bartunek sustained injuries including a dislocated and fractured shoulder, a punctured lung, a torn ear, and a fractured foot. He sought compensation for medical bills in the amount of $13,706, lost earnings in the amount of $7,305, and loss of personal property in the amount of $675. The jury returned a verdict in favor of Bartunek in the amount of $45,000, and the trial court entered judgment for that amount. The trial court ordered that the amount of costs would be determined on Bartunek's motion for taxation of costs.

For his assignments of error, Bartunek has enumerated each of the following costs, and he assigns as error the trial court's refusal to tax such costs:

| | |
|---|---:|
| Copy of Bartunek's deposition taken by Gentrup $ | 76.70 |
| Copies of depositions of a Dr. McKnight and Bartunek's wife, Nancy Bartunek, both taken by Gentrup | 108.80 |
| Copy of deposition of Dr. Harold Smith taken by Gentrup | 46.80 |
| Copy of video deposition of Dr. Timothy Fitzgibbons, Gentrup's expert, taken by Gentrup | 15.00 |
| Copy of transcript of Dr. Fitzgibbons' deposition | 64.10 |
| Expert witness fee of Dr. Jerome Sherman for projection of Bartunek's economic loss, including trial testimony and mileage | 1,030.00 |
| James Rogers, Midlands Rehabilitation Consultants, Bartunek's expert for testimony | |

| | |
|---|---:|
| concerning jobs that Bartunek could and could not perform | 1,067.65 |
| Karen Brown, Working Back Institute, Bartunek's expert on work capacity evaluation | 680.00 |
| Dr. Richard Bergstrom trial testimony as Bartunek's expert | 1,800.00 |
| Deposition of Dr. Donald Gammel, Gentrup's expert, taken by Bartunek | 300.00 |
| TOTAL COSTS | $5,189.05 |

## ANALYSIS

As a general rule, the costs of litigation and expenses incident to litigation may not be recovered unless provided for by a statute or a uniform course of procedure. *Kliment v. National Farms, Inc.*, 245 Neb. 596, 514 N.W.2d 315 (1994); *Gottsch Feeding Corp. v. Red Cloud Cattle Co.*, 229 Neb. 746, 429 N.W.2d 328 (1988).

We first dispose of assignments of error Nos. 1 through 5, which deal with the costs for copies of depositions taken by Gentrup. Bartunek has not cited or referred to a statute or a uniform course of procedure which would support his claim for these costs. See *id.* Assignments of error Nos. 1 through 5 are without merit.

Assignments of error Nos. 6 through 9 deal with expert witness fees charged by Bartunek's witnesses. Dr. Jerome Sherman testified concerning a projection of the economic loss suffered by Bartunek. Dr. Sherman relied upon a report by James Rogers, a rehabilitation specialist, who provided a vocational evaluation. Rogers had referred Bartunek to Karen Brown for an evaluation of Bartunek's lifting ability and other physical capabilities. Dr. Richard Bergstrom detailed Bartunek's injuries, which are described above.

Bartunek relies upon *Nat. Bank of Commerce Trust & Savings Assn. v. Rhodes*, 207 Neb. 44, 295 N.W.2d 711 (1980). In that case, we affirmed an award of costs to the plaintiff which included an expert witness fee in the amount of $1,000. The plaintiff requested costs in excess of $83,000. Since

*Rhodes*, we have adhered to the policy that the costs of litigation and expenses incident to litigation may not be recovered unless provided for by a statute or a uniform course of procedure. *Kliment, supra*; *Gottsch Feeding Corp., supra.*

In *Hefti v. Hefti*, 166 Neb. 181, 88 N.W.2d 231 (1958), we stated that expert witness fees could be taxed above the statutory fee where a special contract existed. In *Lockwood v. Lockwood*, 205 Neb. 818, 821, 290 N.W.2d 636, 639 (1980), we held that "a witness who testifies as an expert on a subject requiring special knowledge and skill is, in the absence of a contract for those services, entitled only to the statutory witness fee." In *Vredeveld v. Clark*, 244 Neb. 46, 504 N.W.2d 292 (1993), a tort action for damages, we held that the court did not err in refusing to tax expert witness fees to the defendant. We distinguished *Hefti* and *Lockwood*, which were actions for dissolution of marriage. In *Hefti* and *Lockwood*, costs for expert witness fees were allowed pursuant to Neb. Rev. Stat. § 42-367 (Reissue 1988) and its predecessor, which permitted a court to direct costs against either party involved in a divorce action.

Were we to tax as costs the expert witness fees charged by a defendant's experts, the result would create a chilling effect on a plaintiff's right to seek relief for injury or wrong because of the possibility that all expert witness fees of the defendant would be taxed against the plaintiff, should the defendant prevail. The same result could occur with a defendant who would be required to pay the plaintiff's expert witness fees, which could be greatly in excess of the monetary relief sought by the plaintiff. The costs of litigation and the expenses incident to litigation may not be recovered unless provided for by a statute or a uniform course of procedure. *Kliment, supra*; *Gottsch Feeding Corp., supra.* Bartunek's assignments of error Nos. 6 through 9 are without merit.

Bartunek's final assignment of error is that the court erred in failing to allow as a cost the $300 fee charged to Bartunek for the deposition of Dr. Donald Gammel which was taken by Bartunek's counsel. Neb. Ct. R. of Discovery 26(b)(4)(C)(i) and (ii) (rev. 1992) require the plaintiff to pay the defendant's expert a reasonable fee for the time spent responding to

discovery. Dr. Gammel, director of occupational medicine for Immanuel Medical Center in Omaha, testified as a defense witness on disability evaluation.

We have not previously decided whether a fee required to be paid pursuant to rule 26 should be taxed as costs. Cases cited by Bartunek address the costs of taking the deposition of a witness. The taxing of Gammel's fee as a cost is not provided for by statute or a uniform course of procedure. This assignment of error is without merit.

The trial court did not abuse its discretion in awarding costs. The judgment of the trial court is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.